**Julio JANEZ–PADILLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73475.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

---

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, Office of Immigration Litigation, Terri J. Scadron, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Julio Janez–Padilla, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Petitioner's regulatory challenge to the BIA's streamlining of his case is foreclosed

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003).

Reviewing the IJ's denial of a continuance for abuse of discretion, *Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988), we find none. Petitioner's reliance on *In re Velarde–Pacheco*, 23 I. & N. Dec. 253 (BIA 2002) (en banc), is unavailing, as his case does not satisfy the five factors required by that decision. *See id.* at 256.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**